May 3d, 1859.

## SUPREME COURT—IN EQUITY.

### JOHN L. RIVES, ADMINISTRATOR, ETC., vs. MAKULU.

A DEED duly registered is good against a prior unregistered deed, if the second purchaser have no notice of the prior conveyance.

Love and affection for brothers and sisters, nephews and nieces, or heirs at law, is a good consideration.

ALLEN, C. J.

This is a Bill in Equity to cancel the record of a deed because it was not legally recorded. The complainant claims a conveyance from the same grantors, but of a subsequent date. It is contended that the deed to Makulu, the respondent, was not acknowledged at the time of the record. This position is sound, unless it should appear from the evidence that the complainant had notice of the conveyance to Makulu when a deed was executed and delivered to him by the same grantor.

It is undoubtedly true that a deed duly registered is good against a prior unregistered deed, if the second purchaser have no notice of the first conveyance. The language of the statute is in these words: "Every deed, lease, or other conveyance of real estate within this Kingdom, hereafter made, shall be recorded in the office of the Registrar of Conveyances ; and every such conveyance not so recorded, shall be void as against any subsequent purchaser in good faith and for a valuable consider-

ation, not having actual notice of such conveyance of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded."

In this case, I am satisfied that the complainant had notice of the deed from Kaiamai and Keahimakani to Makulu, before Kaiamai executed a deed to him, and therefore I regard the rights of Makulu as between the same parties, the same as if the deed to him had been recorded. The statute regards this notice as effectual as a record.

I regard the evidence as conclusive and satisfactory that the deed from Kaiamai and Keahimakani to Makulu was signed by them, and as the equitable interest in the land was in Keahimakani, who was the aunt of Makulu, it was a reasonable and proper conveyance, so far as the parties were concerned.

I regard the consideration as set forth in the deed as valid, (4 Cruise on Real Property, p. 31, sec. 2,) in which the general doctrine is recognized, that the love and affection which a man is naturally supposed to bear to his brothers and sisters, nephews and nieces, and heirs at law, is a good consideration.

But it is said that the complainant had made advances to the grantors, in expectation of this deed. This may be, although there is no proof that Kaiamai had ever made a verbal promise to this effect; still it could not be set up against a *bona fide* conveyance of a prior date. The complainant may have claims against Kaiamai, but it does not follow that they can be legally regarded as a consideration of a deed to defeat a prior conveyance, and that payment can be procured in this way. I regard the deed as conclusive between the grantors and Makulu, and that its priority to the deed to the complainant gives it legal effect. How far the rights of creditors are concerned is another question, and not before me.

Bill dismissed, each party to pay his own costs.